**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-2071**

———————————

PAUL L. PHELPS; JERRY H. GILSTRAP; JERRY W.
CUDDY; GERALD W. LYDA; NINA POSEY; THOMAS R.
WILLIAMS; ALVIN A. STIWINTER; TROY J.
COTTRELL; THOMAS L. CARLSON; ROBERT W. CARTER;
WAYNE F. MCWHORTER; RODNEY K. DEANHARDT, SR.;
MELVIN M. BROCK; EDWARD J. COOLEY; CHARLES A.
FURR; FRANCIS C. AIKEN; ELIZABETH AUDREY
LOREDO; JIMMY S. STATON; NORMAN DAVIS; EUGENE
M. KRENEK; RICHARD N. RYDER, II; KATHERINE D.
LACKEY,

Plaintiffs - Appellants,

versus

CT ENTERPRISES, INCORPORATED; SACO LOWELL,
INCORPORATED,

Defendants - Appellees,

and

CLIFF THEISEN; TOM POMIAN; MIKE TEMPLETON;
BRANCH BANKING AND TRUST OF SOUTH CAROLINA,

Defendants.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Greenville. Henry M. Herlong, Jr., District
Judge. (CA-02-3739-HMH)

———————————

Argued: May 26, 2006          Decided: August 9, 2006

———————————

Before WILKINSON and WILLIAMS, Circuit Judges, and Glen E. CONRAD, United States District Judge for the Western District of Virginia, sitting by designation.

———————————

Affirmed by unpublished per curiam opinion.

———————————

John Robert Peace, Greenville, South Carolina, for Appellants. Vance Earle Drawdy, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Greenville, South Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This appeal arises out of a claim for plan benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq.; 29 U.S.C. § 1132; 28 U.S.C. § 1331, brought by former employees ("the Employees") of Saco Lowell ("Saco Lowell") and CT Enterprises ("CT"). The Employees allege that Saco Lowell and CT violated their fiduciary duties regarding plan assets. The district court, concluding that the defendants did not violate their fiduciary duties and that the plaintiffs did not suffer any loss, entered an order granting summary judgment to the defendants. The Employees appeal the order granting summary judgment. For the reasons set forth below, we affirm the judgment of the district court.

I.

Saco Lowell manufactured equipment used in the textile industry. Employees were eligible to participate in the CT Enterprises Group Health Benefits Plan ("the Plan"), a self-insured, ERISA-governed, group health plan. The Plan's claim administrator, Kanawha Benefit Solutions, Inc. ("Kanawha"), received contributions, processed claims, and distributed benefits.

Employees were paid weekly, and participants in the Plan had contributions withheld from their weekly paychecks on a pretax

basis.  From May 25, 2000, to December 12, 2000, Saco Lowell and CT paid Kanawha administrative fees.[1]

Beginning in about July 2000, however, CT did not provide sufficient funds to Kanawha to pay all outstanding claims of participants.  On July 21, 2000, Kanawha issued a check log bill for $84,999.41 in claims, indicating that payment in full was required.  During approximately the same period, the bank informed Saco Lowell and CT that it would no longer fund the company.

In August of 2000, the bank took control of a new account for Saco Lowell.  In September, the bank agreed to forbear from calling in various promissory notes; the notes provided that any judgment not paid within 30 days would constitute default.  Due to these problems, the company management held meetings to inform employees of the company's financial situation, during which shortcomings in funding claims under the Plan were also mentioned.  Employees were told that the company was doing everything it could to pay outstanding claims, but they were never told that employer contributions were not being made to Kanawha.  On November 21, 2000, the Employees were given notice that the Plan would be terminated on November 28.  The Employees were not informed at this point about the status of claims incurred prior to November 28, 2000, or of the status of employer contributions to the Plan.

---

[1]In an amendment to the Plan effective July 1, 2000, CT was listed as the employer.

II.

On November 5, 2002, twenty-two participants in the Plan, who had made claims prior to its termination, filed an action against CT Enterprises, Inc., Saco Lowell, Inc., Cliff Theisen, Tom Pomian, Mike Templeton, and Branch Banking and Trust of South Carolina[2], in the United States District Court for South Carolina. They sought to recover payment for approved but unpaid claims, as well as other appropriate equitable relief. The defendants filed a motion to dismiss, which was granted in part and denied in part by the district court. The parties filed cross-motions for summary judgment, and the district court granted the defendants' motion. On appeal, we vacated the district court's opinion and remanded for further proceedings. See Phelps, et al. v. C.T. Enter., Inc., et al., 394 F.3d 213 (4th Cir. 2005). We directed the district court to reconsider the Employees' theory that Saco Lowell and CT breached a fiduciary duty by failing to remit the Employees' contributions to Kanawha.

Following remand, the parties again filed cross-motions for summary judgment, and the district court granted in part and denied in part the defendants' motion, and denied the Employees' motion. Both parties submitted motions for reconsideration. Following additional submissions, the district court entered judgment in favor of the defendants. The district court concluded that failure

---

[2]The defendant bank was later dismissed.

to remit employee contributions to the Plan as soon as practicable did not result in loss to the Employees, because the Plan was exempt from the trust requirements of ERISA. The court also found that failure to disclose to the Employees that the contributions were no longer being remitted to Kanawha on a weekly basis did not constitute a breach of any fiduciary duty. The Employees filed a motion to amend/correct the order, which the district court denied. The Employees now appeal the district court's decision to grant summary judgment, contending that Saco Lowell and CT breached their fiduciary duties in two ways: they misused employee contributions and failed to remit employee contributions to the plan administrator as soon as practicable; and they failed to disclose material information about the Plan to the Employees.

III.

We review a grant of summary judgment <u>de novo</u>, viewing all facts and inferences in the light most favorable to the nonmoving party. <u>Love-Lane v. Martin</u>, 355 F.3d 766, 775 (4th Cir. 2004). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

IV.

The Employees contend that Saco Lowell and CT breached their fiduciary duties by misapplying employee contributions and failing to remit employee contributions to the plan administrator as soon as practicable. Saco Lowell and CT assert that they timely submitted employee contributions to the Plan and there was no breach of fiduciary duty.

The Employee Retirement Income Security Act, or ERISA, was enacted

> to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

29 U.S.C. § 1001(b) (2006). Assets of an ERISA plan "shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1103(c)(1) (2006). See also Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon, 541 U.S. 1, 22 (2004) (holding that 29 U.S.C. § 1103(c)(1) "demands only that plan assets be held for supplying benefits to plan participants"). The fiduciary responsibility provisions of ERISA "apply the law of trusts to discourage abuses such as self-dealing,

7

imprudent investment, and misappropriation of plan assets, by employers and others."  Id. at 23.

It is a requirement of most ERISA plans that the assets be held in trust.  See 29 U.S.C. § 1103 (2006).  The Saco Lowell and CT Plan was not subject to the trust requirement, however, because the Plan was a "cafeteria plan," as defined by 26 U.S.C. § 125 (2006).[3]  For cafeteria plans, the Department of Labor does not assert a violation "solely because of a failure to hold participant contributions in trust."  ERISA Technical Release 92-01, 57 Fed. Reg. 23272 (June 2, 1992).  However, this allowance does not relieve fiduciaries "of an obligation to ensure that participant contributions are applied only to the payment of benefits and reasonable administrative expenses of the plan."  Id.  Therefore, even though the Saco Lowell and CT Plan was not subject to any trust requirement, there was still a fiduciary duty to ensure that employee contributions were not used for the company's general operating expenses.

In our earlier decision in Phelps v. C.T. Enterprises, Inc., we concluded that the district court had not thoroughly addressed the Employees' claim that Saco Lowell and CT failed to remit the contributions withheld from the Employees' paychecks to Kanawha.

---

[3]A "cafeteria plan" is defined as an arrangement under which "all participants are employees, and the participants may choose among 2 or more benefits consisting of cash and qualified benefits."  26 U.S.C. § 125 (2006).

394 F.3d at 221.  We directed attention to the case of <u>Pension Benefit Guaranty Corp. v. Solmsen</u>, 671 F. Supp. 938 (E.D.N.Y. 1987), which held that a defendant who did not forward employee contributions to an ERISA-governed plan, instead using the contributions to pay company expenses, breached a fiduciary duty. Subsequent to the decision in <u>Solmsen</u>, the Department of Labor issued a regulation which provided that employee contributions are plan assets.  29 C.F.R. § 2510.3-102 (2004).  These contributions become plan assets "as of the earliest date on which such contributions can reasonably be segregated from the employer's general assets."  <u>Id.</u>

The date on which the contributions become plan assets cannot occur later than 90 days from the date the contributions are withheld.  <u>Id.</u>  Even if all employee contributions are submitted to the plan within 90 days, however, this fact does not necessarily establish that an employer has fulfilled its fiduciary duty.  The 90-day period is not intended to serve as a "safe harbor." Regulation Relating to Definition of "Plan Assets"–Participant Contributions, 61 Fed. Reg. 41220, 41223 (Aug. 7, 1996).  An ERISA Technical Release specifically provides that

> [t]he regulation is not intended ... to allow employers
> to use participant contributions for their own purposes
> ... employers who fail to transmit promptly such amounts,
> and plan fiduciaries who fail to collect those amounts in
> a timely manner, will violate the requirement that plan
> assets be held in trust; in addition, such employers and
> fiduciaries may be engaging in prohibited transactions
> .... The Department wishes to stress that the outside

> limit of 90 days is not intended to supercede the preceding portion of the rule, that is, the participant contributions become plan assets "as of the earliest date on which such contributions can reasonably be segregated from the employer's general assets."

ERISA Technical Release 92-01, 57 Fed. Reg. 23272 (June 2, 1992).

Considering these basic principles underlying ERISA and the contours of fiduciary duties regarding plan assets, we conclude that funds withheld as employee contributions to a plan cannot be used by an employer for any purpose other than funding the plan. In this case, if Saco Lowell and CT had used the funds withheld from the Employees' weekly paychecks as general assets of the company, there would have been a clear breach of Saco Lowell's and CT's fiduciary duties. Even though the cafeteria plan avoided the trust requirement, there was still a requirement that plan assets, including employee contributions, be used only to benefit the participants, and not as general assets of the company.

In their brief, Saco Lowell and CT claim that "the undisputed evidence" shows that all amounts withheld from employee paychecks were ultimately remitted to the Plan. (Appellee Br. at 27). The Employees have presented no evidence to the contrary. Templeton, Saco Lowell's comptroller, testified that all employee contributions were transferred to the Plan. (J.A. 163, 166, and 168). He specifically verified that "all of the employee contributions that were withheld were ... transferred to Kanawha for either the payment of claims or the reasonable expense of

10

administering the Plan." (J.A. 168). Clifford Thiesen, Saco Lowell's chief executive officer, also testified that all employee contributions were forwarded to the Plan. (J.A. 103).

Until July of 2000, employee contributions were submitted to the Plan on a weekly basis. After this point, Saco Lowell withheld employee contributions on a weekly basis, but stopped making submissions to Kanawha on a weekly basis. However, within 90 days of each weekly paycheck, CT forwarded amounts greater than the sum of the employee contributions to Kanawha. While these amounts were not sufficient to pay all the claims, it is now clear that all employee contributions were remitted to Kanawha within 90 days of receipt.

After consideration of the record, which has been expanded since the case was previously before us, we conclude that Saco Lowell and CT did not breach any fiduciary duty in the processing of employee contributions. All contributions were remitted to the Plan within 90 days, and there is no evidence that Saco Lowell and CT used the contributions inappropriately, as general assets of the company, during the intervening time. Although Saco Lowell's comptroller recognized that funds taken out of employee paychecks were not sequestered from other company funds (J.A. 163), the regulations do not require that participant contributions to cafeteria plans be held in trust. ERISA Technical Release 92-01, 57 Fed. Reg. 23272 (June 2, 1992). In addition, the comptroller

11

agreed that "all of the employee contributions that were withheld were, in fact, transferred to Kanawha for either the payment of claims or the reasonable expense of administering the Plan." (J.A. 168). The chief executive officer stated that, to the best of his knowledge, "no amounts held from any Saco Lowell employee's pay for the Medical Plan were used for any purpose other than for paying benefits and/or administrative expenses under the Medical Plan." (J.A. 103). Therefore, viewing the evidence in the light most favorable to the Employees, there is no support for the claim that Saco Lowell and CT breached their fiduciary duties by applying the employee contributions to payroll or other general company expenses. In fact, all evidence is to the contrary, supporting Saco Lowell and CT's assertion that employee contributions were not used as general assets. Further, to the extent of the Employees' argument that the change in the timing of payment of employee contributions to the administrator constituted a breach of fiduciary duty, we conclude that CT forwarded contributions to Kanawha as soon as practicable, in light of the extenuating financial situation of the company.[4]

---

[4]The facts of this case are distinguishable from those in Solmsen, in which the employer suffered substantial business hardship and used employee plan contributions to pay general expenses of the company. 671 F. Supp. at 945. While changed financial circumstances did not justify the misuse of employee contributions in Solmsen, an employer does not breach a fiduciary duty merely because the timing of payments to the plan administrator is altered in the face of an onset of adverse circumstances.

12

V.

The Employees also allege that the district court erred in finding that there was no claim for breach of fiduciary duty regarding the failure to disclose material information to plan participants. The district court found that there was no breach of fiduciary duty because there was no loss caused by any delay in remission of employee contributions, and the failure to remit contributions on a weekly basis was therefore not a material fact that the Employees needed to know. The Employees claim that Saco Lowell and CT breached their fiduciary duties in three ways: by failing to provide complete information in response to beneficiary questions; by failing to notify the Employees that their required contributions were no longer being transferred to Kanawha on a weekly basis; and by failing to notify the Employees that employer contributions to the Plan were not being paid. According to the Employees, this information was material because if the information had been disclosed to them, they could have obtained other medical coverage.

Our Circuit has identified two situations in which an ERISA administrator has a fiduciary duty to advise beneficiaries. See Griggs v. E.I. DuPont De Nemours & Co., 237 F.3d 371, 381 (4th Cir. 2001). First, a fiduciary must give complete and accurate information to a beneficiary if the beneficiary requests information. Id. Second, a fiduciary must provide "material facts

13

affecting the interest of the beneficiary which he knows the beneficiary does not know and which the beneficiary needs to know for his protection." Id. The Employees contend that Saco Lowell and CT have breached both of these duties.

The Employees first claim that Saco Lowell and CT misrepresented the status of the Plan in response to a direct question at the meeting with the Employees in November. They base this claim upon Templeton's statement in his deposition that "I do remember questions coming up about the health care [at an employee meeting] which Cliff [Thiesen] said that we were doing everything we could to get them paid at the time." (J.A. 50). This is the only evidence presented by the Employees in support of their claim. We conclude that, even viewed in the light most favorable to the Employees, the statement does not support the notion that Templeton breached a fiduciary duty to provide information. The evidence establishes that Templeton gave information that was correct as he understood the circumstances at the time of the meeting.

The Employees also claim that Saco Lowell and CT failed to disclose material information that beneficiaries needed to know about the status of the Plan. In regards to the employee contributions to the Plan, there were no "material facts affecting the interest of the beneficiary which [the fiduciary] knows the beneficiary does not know and which the beneficiary needs to know for his protection." Griggs, 237 F.3d at 381. We have concluded

14

that employee contributions were not used as general assets, and that CT forwarded contributions to Kanawha as soon as practicable considering the change in Saco Lowell's and CT's circumstances, and within 90 days.  Therefore, we conclude that the district court properly held that there was no fiduciary duty to disclose information relating to the employee contributions to the fund, and there was no loss to the Employees resulting from a failure to disclose this information.

Based upon a de novo review of the record, we further conclude that Saco Lowell and CT adequately informed the Employees about the circumstances of the Plan and employer contributions to the Plan. In August, the Employees were told that the company was not "currently meeting all [] obligations, that the bank was controlling the purse strings, and hopefully, [the company] would be able to resolve this going forward."  (J.A. 188).  As to the health care plan, Thiesen testified in his deposition that he told the participants that "right now we're having some problems–that was obvious–and we're hoping to resolve them in the near future." (J.A. 189).  According to Thiesen, the Employees were not told that the plan was no longer solvent, because "we didn't think that we were not solvent.  We felt that we had opportunities that were going to allow us to continue as a business."  (J.A. 190).  Thiesen further stated in his deposition that "[w]e had submitted a plan to the bank that we thought we could get approved and would allow us

15

to continue on." (J.A. 192). These statements demonstrate that Saco Lowell and CT kept the Employees apprised of the circumstances of the company and the Plan as they were understood. We conclude that the Employees were informed of the status of the Plan to the extent of Saco Lowell's and CT's knowledge, and there was no breach of the fiduciary duty to inform.

## VI.

Viewing the facts in the record and the reasonable inferences in the light most favorable to the Employees, we conclude that Saco Lowell and CT did not breach their fiduciary duties to participants in the ERISA-governed Plan. CT forwarded all employee contributions to Kanawha within 90 days of withholding from weekly paychecks, and there is no evidence that employee contributions were misused for general business expenses of the company. In addition, representatives of the company did inform the Employees about the financial status of the Plan and the company, to the best of the representatives' knowledge. They therefore did not breach a fiduciary duty to inform the Employees about material facts of which the participants had a need to know. Accordingly, we conclude that the district court properly determined that the defendants were entitled to summary judgment. We affirm the decision of the district court, and find it unnecessary to reach

16

the issue of whether the individual plaintiffs would have been entitled to damages.

The judgment of the district court is hereby

AFFIRMED.