**GEORGIA–PACIFIC CORP., Plaintiff,**

**v.**

**Michael Guy PUTNAM and Phyliss Maxine Putnam, Defendants.**

**Civil Action No. 5:06–cv–00952.**

United States District Court, S.D. West Virginia, Beckley Division.

Feb. 13, 2007.

David C. Lindsay, Randall D. Avram, Kilpatrick Stockton, LLP, Raleigh, NC, Jill E. Hall, Mark H. Dellinger, Bowles Rice McDavid Graff & Love, Charleston, WV, for Plaintiff.

Matthew B. Fragile, Pat C. Fragile, Kyle G. Lusk, Beckley, WV, for Defendants.

### MEMORANDUM OPINION

THOMAS E. JOHNSTON, District Judge.

Before the Court is Defendants' Motion to Dismiss Complaint for Declaratory

Judgment [Docket 11]. For the reasons stated herein, the motion is **GRANTED.**

## I. BACKGROUND

The instant declaratory judgment action involves a dispute over health insurance benefits. Defendant Michael Putnam is an employee of Plaintiff Georgia–Pacific Corporation ("GPC"). He works in GPC's Mount Hope, West Virginia, facility. Mr. Putnam and his wife, Defendant Phyliss Putnam, are currently engaged in divorce proceedings in the Family Court of Fayette County, West Virginia. During 2005, Ms. Putnam was covered under Mr. Putnam's health insurance plan (the "Plan") through GPC. During the "open enrollment" period for 2006, however, Mr. Putnam removed Ms. Putnam as a beneficiary of his health insurance benefits.[1]

On April 20, 2006, Defendants asked GPC to reinstate Ms. Putnam's health insurance. GPC informed Defendants that, pursuant to the terms of the Plan, Ms. Putnam could not be added as a beneficiary because the request was not made during an open enrollment period. Defendants then sought an order from the Family Court requiring that Ms. Putnam's health insurance benefits be reinstated. On August 9, 2006, Family Court Judge Janet Frye Steele entered an order requiring that GPC reinstate Ms. Putnam's health insurance (the "Family Court Order"). GPC was not a participant in the Family Court proceedings.

On November 8, 2006, GPC filed the instant declaratory judgment action pursuant to 28 U.S.C. §§ 1331, 1340, 2201, and 2202. GPC requests that this Court declare the Family Court Order unenforceable under federal law and relieve it from being required to reinstate Ms. Putnam's health insurance. In lieu of filing an answer, Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(7) and 19. The sole basis for the motion is that because GPC failed to join a necessary party to this proceeding, Judge Steele, the action must be dismissed. GPC responds that Judge Steele is not a necessary party to this action.

## II. JURISDICTION

 As noted above, GPC's Complaint cites 28 U.S.C. §§ 1331, 1340, 2201, and 2202 as the jurisdictional grounds for this action. 28 U.S.C. § 1331 gives the district court original jurisdiction in "all civil actions arising under the laws of the Constitution, laws or treaties of the United States." 28 U.S.C. § 1340 gives the district court original jurisdiction in civil actions "arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade." 28 U.S.C. §§ 2201 & 2202 is the Declaratory Judgment Act, which allows United States Courts to make declarations of rights between parties, so long as an independent jurisdictional basis exists, such as a federal statute. *Univ. Gardens Apts. Joint Venture v. Johnson,* 419 F.Supp.2d 733, 742 (D.Md.2006). None of these statutes, however, constitutes an independent basis for jurisdiction. The Court notes that the body of the Complaint references 26 U.S.C. § 125 and 26 C.F.R § 1.125–4, and that the Civil Cover Sheet states that this is "An ERISA declaratory judgment action" and cites 29 U.S.C. § 1001, *et seq.* Based on these filings, the Court will construe this matter as having been filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*

---

**1.** Mr. Putman made his election to remove Ms. Putnam from the Plan on or about October 27, 2005.

("ERISA"), and, therefore, exercise federal question jurisdiction over this matter. *Bunch v. Liberty Life Assurance Co. of Boston,* 2007 WL 173844, *1, 2007 U.S. Dist. LEXIS 5233, at *1–2 (E.D.Tenn. Jan. 19, 2007).[2]

### III. ANTI–INJUNCTION ACT

■ Defendants move to dismiss the Complaint for failure to join a party pursuant to FED.R.CIV.P. 12(b)(7). The parties have not, however, addressed whether the Complaint states a claim upon which relief can be granted pursuant to Rule 12(b)(6) and the Anti–Injunction Act, 28 U.S.C. § 2283 (the "AIA"). The AIA "generally bars federal courts from granting injunctions to stay proceedings in state courts." *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 142, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). While the parties failed to raise the applicability of the AIA to this case, the Court may still consider it. *See e.g., Martingale LLC v. City of Louisville,* 361 F.3d 297, 302 (6th Cir.2004); *Gloucester Marine Rys. Corp. v. Charles Parisi, Inc.,* 848 F.2d 12, 15 (1st Cir.1988); *Hickey v. Duffy,* 827 F.2d 234, 243 (7th Cir.1987).

The AIA provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The AIA serves as a "necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts" and "represents Congress' considered judgment as to how to balance the tensions inherent in such a system." *Chick Kam Choo,* 486 U.S. at 146, 108 S.Ct. 1684. Accordingly, "[w]e take seri-

ously the mandate in the Anti–Injunction Act and recognize that for over two hundred years, the Act has helped to define our nation's system of federalism." *Employers Res. Mgmt. Co., Inc. v. Shannon,* 65 F.3d 1126, 1130 (4th Cir.1995).

■ The Court notes that while GPC has not explicitly moved for an injunction of the Family Court Order, the relief requested would serve to prohibit the Family Court's enforcement of its order. The Fourth Circuit has stated that "when the [AIA] bars an injunction it also bars the issuance of a declaratory judgment that would have the same effect as an injunction." *Denny's Inc. v. Cake,* 364 F.3d 521, 528 n. 8 (4th Cir.2004) (internal quotations omitted). GPC's request for a declaration that ERISA preempts the Family Court Order has the same effect as a request for an injunction. *Id.* Thus, if the AIA would bar a request for an injunction in this case, it also bars the request for declaratory relief because both "result in precisely the same interference with and disruption of state proceedings that the long-standing policy limiting injunctions was designed to avoid." *Id.*

■ The AIA constitutes "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Id.* at 528. Because GPC, in effect, seeks to enjoin the enforcement of the Family Court Order, the AIA will apply to this case unless the request for injunction is: (1) expressly authorized by statute; (2) necessary to aid the court's jurisdiction; or (3) required to protect or effectuate the court's judgments. *Id.* at 529.

---

**2.** The Court notes that GPC's cited statutes are related as ERISA plans (*i.e.,* 29 U.S.C. § 1001, *et seq.*) may be organized as cafeteria plans (*i.e.,* 26 U.S.C. § 125) in order to avoid

ERISA's trust requirements. *Phelps v. CT Enters., Inc.,* 194 Fed.Appx. 120, 123 (4th Cir. 2006).

The second and third exceptions clearly do not apply to this case because an injunction would not aid the Court's jurisdiction and because and no judgment has been rendered by this Court. *See generally* 17A Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Vikram D. Amar, Federal Practice & Procedure §§ 4225 & 4226 (3d ed.2006). The remaining exception, then, is whether GPC's request to enjoin the Family Court Order is expressly authorized by statute.

The statutes under which GPC has brought this action do not contain express statutory authorizations to enjoin state court proceedings. The Fourth Circuit has held that ERISA is not an express statutory authorization for injunctions under the AIA. *Employers Res. Mgmt. Co., Inc.*, 65 F.3d at 1132. *See also Denny's Inc.*, 364 F.3d at 529 n. 9. Likewise, the plain language of 26 U.S.C. § 125 does not expressly authorize injunctions. Finally, "[t]he Declaratory Judgment Act does not come within the 'expressly authorized' exception." *Garrett v. Hoffman*, 441 F.Supp. 1151, 1158 (E.D.Pa.1977).

The Court notes that "[t]he [AIA's] 'expressly authorized' exception is not triggered simply by the fact that a state proceeding involves a question of federal law." *Employers Res. Mgmt. Co., Inc.*, 65 F.3d at 1130. "Rather, when a state proceeding presents a federal issue, even a pre-emption issue, the proper course is to seek resolution of that issue by the state court." *Id.* Accordingly, GPC's contention that ERISA preempts the Family Court Order must be heard in the West Virginia state courts, which are equally capable of resolving this issue. *Id.* at 1134 ("[T]he appropriate authority to decide the scope of the ERISA preemption issue in *this* case is the state court, where the action initially was filed and where this issue initially was presented and ruled upon.").

Because this Court is prohibited from granting the relief requested by GPC under the AIA, this matter must be **DISMISSED** for failure to state a claim upon which relief can be granted. *Denny's Inc.*, 364 F.3d at 531.[3]

## IV. CONCLUSION

For the reasons stated above, Defendants' *Motion to Dismiss* [Docket 11] is **GRANTED**. A Judgment Order will be entered this day implementing the rulings contained herein. The Clerk is directed to post this published Memorandum Opinion at http://www.wvsd.uscourts.gov.

---

**3.** Because GPC has failed to state a claim upon which relief can be granted, the Court need not address whether the action should be dismissed for failure to join a necessary party.